**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>TIOGA FUEL COMPANY INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12706-DJB |

**APPLICATION OF ROBERT H. HOLBER, CHAPTER 7 TRUSTEE**
**TO EMPLOY MARCUS & MILLICHAP AS REAL ESTATE BROKER**
**PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND FED. R. BANKR. P. 2014**

Robert H. Holber, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Tioga Fuel Company Inc. (the "Debtor"), by and through his undersigned counsel, hereby files this Application to Employ Marcus & Millichap as Real Estate Broker Pursuant to Section 327 and 328 and Fed. R. Bankr. P. 2014, (the "Application"). In support of the Application, the Trustee relies upon the Verified Statement of Timothy B. Stephenson, Jr. (the "Verification") attached hereto as Exhibit "A" and incorporated by reference, and respectfully represents as follows:

**Introduction**

1. By this Application, the Trustee seeks the entry of an order authorizing the Trustee to employ Marcus & Millichap (the "Broker") as his real estate broker to assist him in selling real property located at 3521 Tulip Street, 3501 Tulip Street, 3550R-98 Aramingo Avenue, Philadelphia, PA 19134 and 3573-77 Sepviva Street, Philadelphia, PA 19134 (the "Properties"). The Trustee anticipates using the Broker's expertise to market and potentially sell the Properties to the benefit of the Debtor's estate. The Broker's experience in similar sales in this geographic area will assist the Trustee in realizing the highest possible price for the Properties. The Trustee asserts that the Broker's retention is in the best interest of the Debtor, his estate, and his creditors.

**Factual Background**

2.      On July 7, 2025, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      Thereafter, the Office of the United States Trustee appointed Robert H. Holber as the Chapter 7 Trustee of the Debtor's estate.

4.      The Broker was initially engaged by the Debtor in February of 2025 and the Broker listed the property and initiated the marketing process at that time. Then, the bankruptcy case intervened.

5.      The Trustee and the Broker have now agreed to a Listing Contract that governs the terms of the Broker's engagement (the "Listing Contracts"). The Listing Contracts for the Properties are attached hereto as Exhibit "B" and incorporated herein by reference.

6.      The Trustee has determined that the Properties may have value to the Debtor's estate. Accordingly, the Trustee requests this Court's authority to retain the Broker pursuant to the terms of the Listing Contract and this Application. Furthermore, the Trustee requests authority from this Court to compensate the Broker pursuant to the terms of the Listing Contract and this Application without further order from this Court.

**Applicable Authority**

7.      Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

8.      Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

9. Accordingly, this Court is authorized to grant the relief requested in this Application.

### Services To Be Provided

10. Subject to approval of this Court and as set forth in the Listing Contract,[1] the Broker will render the following services to the Debtors:

> (a) work with the Trustee and his professionals to develop a comprehensive strategy to market and sell the Property;
>
> (b) actively market the sale of the Property and solicit offers from prospective customers in accordance with the plan developed by the Trustee and his professionals.

11. Any sale of the Property will be subject to further Court Order with Notice and Hearing pursuant to Section 363 of the Bankruptcy Code.

### No Adverse Interest, Disinterestedness and Disclosure of Connections

12. As set forth in the Verified Statement of Timothy B. Stephenson, Jr. attached hereto as Exhibit "A", the Broker has informed the Trustee that it is a "disinterested person" as defined by section 101(14), and used in section 327(a) of the Bankruptcy Code.

### Professional Compensation

13. As set forth in the Listing Contract, in the event that the Properties are sold, the Broker shall be entitled to a commission in the amount of six percent (6%) of the purchase price

---

[1] To the extent that any discrepancy exists between this Application and the Listing Contract, the terms of the Listing Contract shall control.

of the Properties (the "Commission"). The Broker will not be entitled to reimbursement for any expenses it incurs.

14. The Commission will be paid by the Trustee only after the closing of the sale of the Property. The Trustee seeks authority to make the payment to the Broker without the need to file an application for payment and without the need for an additional order by the Court.

15. Based upon the Trustee's experience, the Commission is reasonable.

### Best Interest of the Estate

16. The Trustee believes that Broker is highly skilled and the employment of the Broker is in the best interests of the Debtor, his Estate, and his creditors.

### Notice

17. Notice of this Application has been provided to the Debtor, the Office of the United States Trustee, the Debtor's creditor matrix, all parties and/or their counsel asserting a security interest upon the Property, and all parties requesting service through the Court's ECF system. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

### No Prior Request

18. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests an order in the form attached: (i) authorizing the Trustee's retention of Marcus & Millichap; (ii) authorizing payment of the Commission without additional fee application or further order from the Court; and (iii) granting such other relief as the Court deems appropriate.

Dated: September 8, 2025                    **FLASTER/GREENBERG P.C.**

By: */s/ William J. Burnett*
William J. Burnett, Esquire
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
Telephone 215-279-9383
William.burnett@flastergreenberg.com

*Counsel for Robert H. Holber, Chapter 7 Trustee*