**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>TIOGA FUEL COMPANY INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12706-DJB |

**VERIFIED STATEMENT OF TIMOTHY B. STEPHENSON, JR. IN SUPPORT OF THE APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING THE TRUSTEE TO EMPLOY MARCUS & MILICHAP AS BROKER**

1. I am a licensed real estate broker employed by Marcus & Milichap (the "Broker").

2. I maintain an office at 2005 Market Street, Suite 1510, Philadelphia, PA 19103.

3. I have been advised by Robert H. Holber, Chapter 7 Trustee (the "Trustee") of Tioga Fuel Company Inc. that he wishes to employ the Broker in connection with the sale of the property identified in the Application of the Trustee to Employ Marcus & Milichap as Real Estate Broker Pursuant to Section 327 of the Bankruptcy Code (the "Application"). I have reviewed the Application and, to the best of my knowledge, the statements contained in the Application are accurate.

4. The Broker does not hold or represent an interest adverse to the above-captioned estate and is a disinterested person as defined by the Bankruptcy Code. To ascertain the Broker's "connections", as that term is used in Bankruptcy Rule 2014, with the Debtor[1] and other parties-in-interest herein, the Broker has reviewed a listing of all of its clients to determine whether any of them are known creditors of the Debtors. The records upon which the foregoing investigation was based are maintained by the Broker in the ordinary course of business and are believed to be

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

11717363 v1

11955384 v1

accurate. In the event I become aware that any of the foregoing is not accurate, I will immediately advise the Court.

5. Based upon my review of the above-described inquiry, I have determined that, to the best of my knowledge and belief, the Broker does not hold or represent any interest adverse to the Debtors or the estate and is a "disinterested person" as that term is defined and used in sections 101(14) and 327(a) of the Bankruptcy Code.

6. To the best of my knowledge, the Broker and its affiliates and I do not represent an adverse interest to the Trustee, the Debtors, or its estate in the matter for which the Broker is engaged.

7. The compensation that the Broker will receive as a result of the Trustee's engagement is set forth in the Application and the Listing Contract attached to the Application at Exhibit B. The compensation set forth is the usual and customary rates for services of this nature, and I believe that the terms and conditions of the Broker's employment are reasonable.

8. No promises have been received by me or the Broker nor any member or employee thereof as to compensation in connection with this case other than in accordance with section 504 of the Bankruptcy Code. Neither the Broker, nor any member or employee thereof has any agreement with any other entity to share with such entity any compensation received by any other party or professional in connection with this case.

9. By reason of the foregoing, I believe that the Broker is eligible for employment by the Trustee and the Debtor's estate pursuant to 11 U.S.C. § 327 and the applicable Bankruptcy Rules.

11717363 v1

11955384 v1

I verify under penalty of perjury, that the foregoing is true and correct.

Dated: September 7TH, 2025         By: _____
                                        Timothy B. Stephenson, Jr.

11717363 v1

11955384 v1