UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>TIOGA FUEL COMPANY INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-12706-DJB |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING
CARVE-OUTS FOR THE BENEFIT OF THE ESTATE**

Robert H. Holber, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Tioga Fuel Company Inc. (the "Debtor") by and through his undersigned counsel, hereby files this Motion of Chapter 7 Trustee for an Order Authorizing Carve-Outs for the Benefit of the Estate (the "Motion") and in support thereof, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Trustee and the Secured Creditor (defined below) has negotiated hereby an agreement whereby property of the estate will be sold with appropriate carve-outs for administrative and other creditors. This Motion: (i) sets forth the terms of such carve out agreement with the Secured Creditor and (ii) enables the Trustee to employ a broker (per the terms of a separate application) to sell the real property (subject to a further Motion and Order approving any transaction under Section 363).

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 18 U.S.C. §§ 157 and 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The legal predicates for the relief sought herein are Sections 522 and 554 of the Bankruptcy Code.

11981386 v1

**FACTUAL BACKGROUND**

3. On July 7, 2025, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

4. Thereafter, the Office of the United States Trustee appointed Robert H. Holber as the Interim Chapter 7 Trustee of the Debtor's estate.

5. After the August 18, 2025 341 meeting, Robert H. Holber became the permanent Chapter 7 Trustee.

6. Upon information and belief, the Debtor owns certain real property which is comprised of parcels with known property addresses as the following addresses: 3573-77 Sepviva Street, Philadelphia, PA 19134, Philadelphia and 3521 Tulip Street, 3501 Tulip Street, 3550R-98 Aramingo Avenue, Philadelphia, PA 19134 (collectively, the "Real Property").

7. Upon information and belief, the Real Property is subject to mortgage liens (the "Mortgages") by Citizens Bank (collectively, the "Secured Creditor"). Although not yet verified by the Trustee, the Secured Creditor is scheduled with a claim in excess of $2million secured by the Mortgages (the "Secured Creditor's Claim"). The Secured Creditor's Claim seems to put the Real Property severely underwater.

8. With the consent of the Secured Creditor and a carve-out for the benefit of the estate, the Trustee seeks to sell the Real Property.

9. The Trustee has filed an application to employ Marcus & Millichap as real estate broker to sell the Real Property (the "Broker").

10. In accordance with Schedules E and F filed by the Debtor, unsecured creditors are collectively owed about $1.41 Million. The bar date for claims has been set for November 28, 2025, so the total amount of claims may change, and all such claims will further remain subject to the Trustee's review.

11981386 v1

## **RELIEF REQUESTED**

11. The Trustee seeks an Order acknowledging the Secured Creditor's consent and this Court's approval of the Trustee's sale of the Real Property and authorization for a carve-out for the benefit of the estate.

12. The Trustee has negotiated the following terms and conditions of a carve-out (the "Carve-Out") with the Secured Creditors at arm's-length and he believes that such terms are consistent with his business judgment (the "Secured Creditor Agreement"):

    i. The Trustee shall engage the Broker (subject to the separate Application to this Court) to list the Real Property.

    ii. The Secured Creditor consents to the sale of the Real Property which shall be subject to further Court Order pursuant to Section 363 and otherwise.

    iii. The Trustee shall have a challenge period (the "Challenge Period") to challenge, in the nature of a claim, objection, counterclaim or defense the amount, liens and/or security interests of the Secured Creditor. The Challenge Period shall be the period of thirty (30) days from the date that is the later of: (i) the date of the entry of the Order approving this Motion or (ii) the date that the Secured Creditor provides copies of all loan documents to the Trustee. After the Challenge Period expires, the Trustee shall, on behalf of the Trustee, the Debtor and the bankruptcy estate, release the Secured Creditor, together with its respective successors, assigns, subsidiaries, parents, affiliates, agents, attorneys, officers, directors, and employees (collectively, the "Released Parties"), of any right the Trustee, the Debtor or the bankruptcy estate may have (i) to challenge or object to any of the Secured Claim, (ii) to challenge or object to the Secured Creditor's liens on their collateral and (iii) to bring or pursue any and all claims, objections, challenges, causes of action, and/or choses in action against the Secured Creditor or arising out of, based upon, or related to the loan documents, or otherwise including, but not limited to, state law causes of action or under sections 506, 544, 547, 548, 549, 550, and/or 552 of the Bankruptcy Code (a "Challenge Proceeding"). The release contained in this paragraph shall be effective immediately and irrevocably upon the expiration of the Challenge Period without further order of the Bankruptcy Court. In the event that no Challenge Proceeding is initiated, the Secured Creditor shall fund the Carve-Out (defined below).

    iv. After all closing costs are paid at the closing of the Real Property including the commission of the Broker, any transfer taxes or other

11981386 v1

  ordinary and all customary expenses on the HUD-1 Settlement Statements (the "Net Proceeds at Closing"), the Net Proceeds at Closing shall then be used to: (i) fund the Carve-Out and (ii) then to pay the Secured Creditors within the later of 10 days of the Real Property Closing (up to the amount of the full Secured Claim) or 10 days after the expiration of the Challenge Period.

  v. The Carve-Out shall be equal to the sum of $166,000 (which is intended to be sufficient to pay, <u>inter alia</u>: (i) the Trustee's commission as provided under Section 326, (ii) fees and expenses of counsel to the Trustee and (iii) a distribution for unsecured creditors in the approximate 5% amount (based on the information available to the Trustee as of the date hereof)).

  vi. The Carve-Out shall not be reduced by any net proceeds received by the Trustee for any other assets that are not subject to liens of the Secured Creditor (if any) (including but not limited to Chapter 5 claims or any other litigation claims).

  vii. The Trustee waives any rights to surcharge the collateral of the Secured Creditors pursuant to Section 506(c).

  viii. The Secured Creditors waive and shall not be entitled to any post-petition interest or other attorneys' fees pursuant to Section 506(b) or otherwise.

13. Given the overall circumstances here, the Trustee believes that this Secured Creditor Agreement is reasonable and should be approved.

## LEGAL BASIS

14. By this Motion, the Trustee seeks the entry of an order pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 approving the Secured Creditor Agreement.

15. Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Compromises and settlements are favored in bankruptcy. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Utilizing Bankruptcy Rule 9019, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a

11981386 v1

bankruptcy estate 'compromises are favored in bankruptcy.'" In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990) ("[C]ompromises are favored in bankruptcy and ... much of litigation in bankruptcy estates results in settlements").

17. Pursuant to Bankruptcy Rule 9019, the authority to approve a compromise or settlement is within the sound discretion of the bankruptcy court. In re Jasmine, Ltd., 258 B.R. 119, 123 (D.N.J. 2000); In re Key3Media Group, Inc., Case No. 03-10323, 2005 Bankr. LEXIS 2606, at *9 (Bankr. D. Del. October 7, 2005); In re Northwestern Corp., Case No. 03-12872, 2008 Bankr. LEXIS 1982, at *16 (Bankr. D. Del. July 10, 2008); In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997).

18. When determining whether a compromise is in the best interests of the estate, the court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Jasmine, 258 B.R. at 123 (quoting Martin, 91 F.3d at 393); Key3Media Group, 2005 Bankr. LEXIS 2606, at *10-11; see also In re Nationwide Sports Distributors, Inc., 227 B.R. 455, 460 (Bankr. E.D. Pa. 1998) ("[I]n deciding whether to approve a particular compromise, courts utilize various criteria designed to achieve the objective of having the Trustee or debtor in possession act in [the] best interests of the estate."). To properly balance these values, the court should consider all factors "relevant to a full and fair assessment of the wisdom of the proposed compromise." In re Marvel Entertainment Group, 222 B.R. 243, 249 (D. Del. 1998) (quoting TMT Trailer Ferry, Inc., 390 U.S. 414, 424 (1968)).

19. In deciding whether to approve or disapprove a settlement, courts within the Third Circuit look to four primary factors: "(1) the probability of success in litigation, (2) the likely

difficulties in collection, (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." In re RFE Industries, Inc., 283 F.3d 159, 165 (3d Cir. 2002) (citing Martin, 91 F.3d at 393).

20.     Ultimately, "[t]he court is not supposed to have a "mini-trial" on the merits, but should 'canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness.'" Jasmine, 258 B.R. at 123 (quoting In re Neshaminy Office Building Assocs., 62 B.R. 798, 803 (E.D. Pa.1986)). Where this standard is satisfied, approval of the settlement is appropriate. See Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

21.     The Trustee respectfully submits that the Secured Creditor Agreement is reasonable and beneficial to the estate and approval is justified and appropriate under Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 because it provides the best, and frankly, the only opportunity for unsecured creditors to receive any distributions in this case. Because, but for this carve-out agreement, it would not make any sense for the Trustee to administer this case.

## NOTICE

22.     The Trustee served for this Motion to the Office of the Unites States Trustee, the Secured Creditor, all creditors on the matrix and creditors with a judgment against the Debtors as well as creditors who entered their appearance on the EM-ECF system.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing: (i) Carve-Out for the benefit of the estate and (ii) any other relief that this Court deems just and proper.

                                          **FLASTER/GREENBERG P.C.**

Dated: September 12, 2025        By: */s/ William J. Burnett*
                                                William J. Burnett, Esquire
                                                1717 Arch Street, Suite 3300
                                                Philadelphia, PA 19103
                                                Telephone 215-279-9383
                                                Facsimile 215-279-9394

                                                *Counsel for Robert H. Holber,*
                                                *Chapter 7 Trustee*

11981386 v1