UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

TIOGA FUEL COMPANY INC.,

Debtor.

Chapter 7

Case No. 25-12706-DJB

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES

Robert H. Holber, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Tioga Fuel Company Inc. (the "Debtor") by and through his undersigned counsel, hereby files this Motion for an Order Approving Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances (the "Motion") and in support thereof, and respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 18 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief sought herein are Sections 522 and 554 of the Bankruptcy Code.

### FACTUAL BACKGROUND

1. On July 7, 2025, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Thereafter, the Office of the United States Trustee appointed Robert H. Holber as Chapter 7 Trustee of the Debtor's estate.

3. The Debtor owns real property located at 3573-77 Sepviva Street, Philadelphia, PA 19134 (the "Property").

11959193 v1

4. The Property is an approximately 5,400 square foot garage in Philadelphia County.

5. On September 8, 2025, the Trustee filed a motion to employ Marus & Millichap (the "Broker") in connection with the listing of the Property [Docket No. 18], and it was approved by the Bankruptcy Court on September 23, 2025 [Docket No. 27]. Timothy B. Stephenson, Jr. is the listing agent at Marcus & Millichap for the Property.

6. The Application provides for a commission of 5% of the Purchase Price.

7. The Property was listed for the asking price of $400,000.

8. A true and correct copy of the Listing Activity Report is attached hereto as Exhibit "A."

9. After an extensive marketing process, Marcus & Millichap located Lucas Sowa (the "Buyer") as the buyer for the Property. Subject to approval by this Court, the Trustee and the Buyer have entered into an Agreement of Sale (the "AoS") to buy the Property for $325,000. A true and correct copy of the AoS is attached hereto as Exhibit "B."

10. The AoS provides that the sale of the Property is subject to higher and better offers, is "as is, where is" and must be approved by Order of this Court.

11. Closing of the Sale is scheduled to occur within thirty (30) days of the entry of an Order approving the Sale.

12. The Buyer is required to make a $25,000 deposit to the escrow agent and has done so.

13. The Buyer has agreed to accept the Property on an as-is where-is basis.

14. The Buyer has waived all further inspection and financing contingencies.

11959193 v1

15. The Sale is subject to higher and better offers from third parties. Competing offers, if any, will be due in writing to the Trustee on the date of sale objection deadline. Unless and until any higher and better offer with an alternate purchaser is approved and consummated by the Trustee, the Buyer will continue to remain obligated on the AoS.

16. The Sale is subject to approval by this Court and expressly contingent upon such approval.

**RELIEF REQUESTED**

17. The Trustee seeks authority to consummate the AoS and sell the Property to the Buyer for $325,000.

18. The Trustee also requests that this sale be free and clear of all liens, claims, and encumbrances. In accordance with the title report, there are no mortgages on the property.

19. Subject to the Trustee's review of the validity, extent and priority of any mortgages, if any, these will either be paid at the closing of the sale or such liens will attach to the proceeds of the sale and will be paid pursuant to further Order of this Court.

20. As to any federal and state tax liens, under Section 724 of the Bankruptcy Code, a trustee may avoid or subordinate valid tax liens to the costs of administration, Trustee's commission and certain other unsecured priority claims. These provisions allow certain unsecured priority claimants "to step into the shoes of the tax collector" and receive distribution from property of the estate before valid tax claims despite the fact that the tax claim could be properly allowed and secured.

21. The Trustee seeks the subordination or avoidance of any federal and state tax liens in connection with the sale of the Property under 11 U.S.C. § 724. However, any such

taxes shall be allowed as priority unsecured claims for the amount of any such claim that remains unpaid.

22. Accordingly, the sale of the Property should be free and clear of all liens, claims, encumbrances against the Property, including any mortgages or any federal and state tax liens.

23. The Trustee in reliance on his Broker believes that the price being offered for the Property is both fair and reasonable. The Property has been fully marketed and the sales price is within the appropriate range of value based on the information the Trustee has available.

24. Nevertheless, the Trustee is providing creditors and parties in interest with notice of this Motion to alert and potentially stimulate any other interested bidders. Overall, the Trustee does not believe that formal bid procedures or an auction is necessary nor would it be cost effective here, especially given the marketing efforts already undertaken by the broker before the Petition Date. The Trustee acknowledges, however, that in the event that any other interested party should be located, they would be entitled to step forward to offer a higher and better price.

25. To the best of the Trustee's knowledge and belief, the Buyer is not insiders of the Debtor.

26. It is the Trustee's understanding that the sale to the Buyer is an arms' length transaction in every sense.

27. The Trustee is serving this Motion on all creditors and parties in interest. The Trustee suggests that any interested bidder present an offer which is higher and better for the Property prior to the objection deadline. If such an alternate purchaser surfaces, the Trustee will certainly enter into an enhanced sale agreement.

28. The Trustee is serving this Motion on all entities that appear on a title report for the Property.

29. Absent such objection or other competition materializing, the Trustee respectfully requests that this Court enter an Order approving the Sale to the Buyer pursuant to the AoS.

30. Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, Section 105(a) of the Bankruptcy Code provides that the bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

31. Bankruptcy courts are given a great deal of discretion when deciding whether to authorize a sale of a Debtor's assets outside of the ordinary course of business. See In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1993). Under applicable legal standards, approval of a sale is appropriate if the Court finds that the transaction represents a reasonable business judgment on the part of the Trustee. See Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Industry Valley Refrigeration & Air Conditioner Supplies. Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

32. Courts have made it clear that a showing of a sound business justification need not be unduly exhaustive but, rather, a trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. See Lionel, 722 F.2d at 1071.

33. In determining whether a sale satisfies the business judgment standard, courts in this Circuit require: (a) that there be a sound business reason for the sale; (b) that accurate and

11959193 v1

reasonable notice of the sale be given; (c) that the sale yield an adequate price, i.e., one that is fair and reasonable; and (d) that the parties to the sale have acted in good faith. In re Titusville Country Club. 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991).

34. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public auction. See Fed. R. Bankr. P. 6004(f)(1). Subject to Bankruptcy Rule 6004, the notice of a proposed use, sale or lease of property required under Bankruptcy Rule 2002(a)(2) must include the terms and conditions of any private sale, and the time fixed for filing objections. See Fed. R. Bankr. P. 2002(c)(1). Moreover, the notice of a proposed use, sale or lease of property is sufficient if it generally describes the property to be sold. Id. Courts have also permitted "word of mouth" transactions to constitute accurate and reasonable notice of a sale. See Industrial Refrigeration, 77 B.R. 15, 22 (Bankr. E.D. Pa. 1987).

35. The Trustee submits that, under the circumstances of this case, the sale process described above will produce an appropriate return to the bankruptcy estate for the Property. Further, the notice and procedures set forth in this Motion satisfy the notice requirements of the Bankruptcy Rules and section 363(b) of the Bankruptcy Code, constitute good and sufficient notice, and that no other or further notice is required.

36. Moreover, the Trustee believes that the price that the Buyer will pay for the Property is fair and adequate. Therefore, the Buyer is entitled to the protection of Section 363(m) of the Bankruptcy Code free and clear of liens and encumbrances.

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (i) approving the sale of the Property free and clear of all liens and encumbrances; and (ii) granting any other relief that this Court deems just and proper.

11959193 v1

Dated: September 26, 2025 **FLASTER/GREENBERG P.C.**

By: */s/ William J. Burnett*
William J. Burnett, Esquire
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
Telephone 215-279-9383
Facsimile 215-279-9394

*Counsel for Robert H. Holber,
Chapter 7 Trustee*

11959193 v1