**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

TIOGA FUEL COMPANY INC.,

Debtor.

Chapter 7

Case No. 25-12706-DJB

**ORDER APPROVING MOTION OF CHAPTER 7 TRUSTEE**
**FOR SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS,**
**CLAIMS, AND ENCUMBRANCES**

AND NOW, upon consideration of Trustee's Motion for an Order Approving the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances (the "Motion")[1] it is hereby ORDERED that:

1. The Motion is GRANTED.

2. The property being sold hereby pursuant to the AoS contains real property located at 3573-77 Sepviva Street, Philadelphia, PA 19134 (the "Property").

3. The Trustee and his professionals have determined that the Buyer has submitted a bid that was the highest and best offer for the Property and therefore is the successful purchaser as provided in the Sale Motion (the "Buyer").

4. The Trustee is authorized to enter into the AoS with the Buyer and take all reasonable actions necessary to perform his obligations set forth in the AoS.

5. The Trustee is authorized to sell the Property to the Buyer for $325,000.00.

6. The Buyer is entitled to the protection of 11 U.S.C. § 363(m).

---

[1] All capitalized terms not otherwise defined herein shall have the respective meanings ascribed thereto in the Motion.

11959193 v1

7. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee is authorized and directed to take all actions necessary to consummate the sale of the Property to the Buyer pursuant to and in accordance with the terms and conditions of the AoS.

8. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing under the AoS, the Buyer shall be free and clear of all liens, claims and encumbrances.

9. Any federal and state tax liens are hereby subordinated by operation of 11 U.S.C. § 724.

10. Such taxes on account of such federal and state tax liens shall be allowed as priority unsecured claims for the amount of any such claim that remains unpaid.

11. The transfer to the Buyer will not subject the Buyer to any liability for claims against the Trustee, the Debtors or the Debtor's affiliates or agents of any kind or character, whether known or unknown, now existing or hereafter occurring, whether fixed or contingent, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor, vicarious or transferee liability.

12. All persons are hereby enjoined from asserting, prosecuting or otherwise pursuing any claims (regardless of when accrued and regardless whether meeting the definition of "claim" under the Bankruptcy Code) such person had, has or may have against the Trustee, the Buyer or any of their respective principals, advisors, shareholders, partners and members, in connection with the negotiation of, and any agreements contained in, related to or conditioned upon the AoS.

13. No liens, claims, or encumbrances exist with respect to the Property other than the federal and state tax liens. As of the Closing, all parties that have or could have asserted a lien claim or encumbrance against the Debtors are hereby enjoined from asserting such a lien claim or encumbrance.

14. As of the Closing, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its interests in the Property as such interests may have been recorded or may otherwise exist.

15. Each and every federal, state and local governmental agency or department shall be, and hereby is, directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the AoS.

16. If any person or entity that has filed mortgages, filing statements, or judgments or other documents or agreements evidencing interests in the Property shall not have delivered to the Trustee prior to the closing date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction and releases of all such interests, the Trustee and/or the Buyer is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property. The foregoing notwithstanding, the provision of this Order authorizing the sale of the Property free and clear of all interests (including, without limitation, any federal and state tax liens) shall be self-executing, and notwithstanding the failure of the Trustee, the Buyer. or any other party to execute, file or obtain releases, termination statements, assignments, consents or other instruments to effectuate, consummate and/or implement the provisions hereof or in the AoS with

respect to the sale of the Property, all interests (including, without limitation, any federal and state tax liens) shall be deemed divested on the Closing Date.

17. To the extent provided by Section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Property on account of the filing or pendency of this Chapter 7 case or the consummation of the AoS.

18. As of the Closing, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the transactions contemplated by the AoS.

19. No law of any state or other jurisdiction relating to bulk sales or similar laws shall apply in any way to the transaction contemplated by the AoS, the Sale Motion, and this Order.

20. This Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the AoS, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith, (b) to compel delivery of the Property to the Buyer, (c) to resolve any disputes arising under or related to the AoS, except as otherwise provided therein, and (d) to interpret, implement and enforce the provisions of this Order.

21. Nothing contained in any order entered in this case shall conflict with or derogate from the provisions of the AoS or the terms of this Order.

22. The terms and provisions of the AoS, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the

11959193 v1

benefit of, the Trustee, the Debtor, the estate, creditors, the Buyer and his affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting a claim against or interest in the Debtor's estate and/or the Property and any replacement trustee appointed for the Debtor under any chapter of the Bankruptcy Code.

23. The AoS and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

24. The failure specifically to include any particular provision of the AoS in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the AoS be authorized and approved in its entirety.

25. The sale of the Property shall be AS IS, WHERE IS without any representation or warranty by the Trustee or any liability by the Trustee.

26. Upon request from the Buyer, the Trustee can agree (in his sole discretion) in writing to extend the Closing date as circumstances may warrant.

27. The Broker's commission of 5% or $16,250 of the $325,000 Purchase Price is Approved.

28. Notwithstanding the provisions of Fed. R. Bankr. P. 6004 (h) and 7062, this Order shall be effective and enforceable immediately upon entry.

Dated:

                                                The Honorable Derek J. Baker
                                                United States Bankruptcy Judge

11959193 v1