GOVERNOR'S OFFICE OF GENERAL COUNSEL
DEPARTMENT OF ENVIRONMENTAL PROTECTION

May 11, 2026

Filing Clerk
U.S. Bankruptcy Court
Eastern District of Pennsylvania
Robert N.C. Nix, Sr. Federal Courthouse
900 Market St., Ste. 400
Philadelphia, PA 19107

Re:    In re:  Tioga Fuel Company
       Case No. 25-12706-DJB

Dear Filing Clerk:

Enclosed please find the PA Department of Environmental Protection's Answer and Limited Objection to the Trustee's Motion for an Order Approving Sale of Real Property Free and Clear of Liens, Claims and Encumbrances.

If you have any questions about this filing, please contact me.

Sincerely,

/s/ Gina Thomas

Gina M. Thomas
Assistant Counsel

cc:  Electronic PACER Certificate of Service

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Case No.: 25-12706 |
| Tioga Fuel Company, Inc., | Chapter 7 |
| Debtor | |

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION'S ANSWER AND LIMITED OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES**

The Commonwealth of Pennsylvania, Department of Environmental Protection

("Department")[1], by and through its undersigned counsel, files this Answer and Limited

Objection to Trustee's Motion for an Order Approving Sale of Real Property Free and Clear of

Liens, Claims, and Encumbrances filed on April 15, 2026 ("Motion"), and avers the following:

**JURISDICTION AND VENUE**

1. Legal conclusion or statement.  No response required.

2. Legal conclusion or statement citing Sections 522 and 554 of the Bankruptcy

Code, 11 U.S.C. §§ 522 and 554 as the legal "predicates for the relief sought".  By way of

further answer, Section 554 pertains to abandonment of property of the estate potentially to a

third party.  To the extent that the Property which is the subject of this Motion is abandoned

---

[1] The Department is the agency with the duty and authority to administer and enforce the Storage Tank and Spill Prevention Act, Act of July 6, 1989, P.L. 169, No. 32, as amended, 35 P.S. §§ 6021.101 et seq. ("Tank Act"); the Land Recycling and Environmental Remediation Standards Act, Act of May 19, 1995, P.L. 4, No. 1995-2, 35 P.S. §§ 6026.101 et seq. ("Act 2"); Section 1917-A of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, as amended, 71 P.S. § 510-17 ("Administrative Code"); and the regulations promulgated thereunder.

by way of the sale to a third-party, the reasoning from the U.S. Supreme Court's decision

Midlantic Nat'l Bank v. NJDEP, 474 U.S. 494 (1986) applies.  In Midlantic, the Supreme

Court held that "Congress did not intend for § 554(a) to preempt all state and local laws. The

Bankruptcy Court does not have the power to authorize an abandonment without formulating

conditions that will adequately protect the public's health and safety."  Id. at 507-508.

## FACTUAL BACKGROUND

3-7.        Admitted.

8-10.       The Department lacks knowledge of the contents of these paragraphs.

11-14.      Admitted.

15-22.      The Department lacks knowledge of the contents of these paragraphs.

23.         Admitted.

24-28.      The Department lacks knowledge of the contents of these paragraphs.

29.         Legal conclusion or statement.  No response required.

## RELIEF REQUESTED

30.        The Department does not object to the Trustee's authority to sell the Property.

However, the sale of the Property should be conditioned upon compliance with applicable

environmental laws and regulatory requirements to protect the public health and safety.

31.         Objection.  The Trustee's proposal and draft order do not set forth the necessary

conditions to protect public health and safety from the potential hazards associated with the

heating and diesel oil aboveground storage tanks which are present on the Property.  A sale of

the Property must be subject to the requirements of the Storage Tank and Spill Prevention

Act, Act of July 6, 1989, P.L. 169, No. 32, as amended, 35 P.S. §§ 6021.101 et seq. ("Tank

Act") and regulations in 25 Pa. Code Chapter 245.[2] The aboveground storage tanks ("ASTs")

described in the chart below, are currently located on the Property and are operating under

permits issued by the Department, pursuant to 25 Pa. Code § 245.203.

| Tank # | Size (gals.) | Substance | Current Status | Status Begin Date |
|---|---|---|---|---|
| 001A | 20,000 | Heating Oil | T | 07/01/2023 |
| 002A | 20,000 | Heating Oil | T | 07/01/2023 |
| 003A | 20,000 | Diesel | T | 09/15/2024 |
| 004A | 20,000 | Heating Oil | T | 07/01/2023 |
| 005A | 20,000 | Heating Oil | T | 06/01/2024 |
| Table Key:  T = Temporarily Out of Service | | | | |

A future owner of these storage tanks must comply with the following requirements:

a.  Submission to the Department of documentation to demonstrate the transfer of

   ownership of the ASTs including registration of the tanks by the new owner in

   accordance with 25 Pa. Code §§ 245.41, 245.42 and Section 503 of the Tank Act, 35

   P.S. § 6021.503.

b.  Prior to returning out of service tanks to use, compliance with the applicable

   aboveground storage tank technical standards set forth in the regulations in 25 Pa.

---

[2] The above listed obligations to comply with the environmental statutes and regulations mentioned above, are not "claims" pursuant to 11 U.S.C. § 101(5).  See Torwico Electronics, Inc. v. State of New Jersey, Dept. of Envtl. Protection, 8 F.3d 146 (3rd Cir. 1993) cert. denied, 511 U.S. 1046 (1994); Penn Terra Limited v. Commonwealth of Pennsylvania, Dept. of Envtl. Resources, Patti Saunders and Diana J. Stares, 733 F.2d 267 (3rd Cir. 1984) The Department files this response as a protective measure and reserves its rights to take future actions to enforce these obligations against any future purchaser of the Property.  The Department makes this protective filing to safeguard against the possibility that a prospective purchaser may use an order of this Court as a defense to noncompliance in a future legal enforcement proceeding.  Should the Court decide that the environmental obligations are "claims," Section 363(b)(1) of the Bankruptcy Code, 11 U.S.C.§ 363(b)(1) limits the Trustee authority to sell a property free and clear, so long as "applicable nonbankruptcy law permits…."

Code §§ 245.601-245.618 (Subchapter G).  The Department is aware of compliance issues with the onsite ASTs and any prospective purchaser should consult with the Department to resolve these issues.

c.  All of the ASTs at the Property are temporarily out of service; if the prospective purchaser intends that the tank will remain in this state after purchase, initiation of permanent closure of the tanks pursuant to the regulatory requirements pursuant to 25 Pa. Code § 245.612(d).

As alleged in Paragraph 26 of the Trustee's Motion, the sale of the Property including the ASTs will be "AS IS, WHERE IS without any representation or warranty by the Trustee or any liability by the Trustee".   Therefore, a prospective purchaser must also be made aware that Section 1310 of the Tanks Act, § 6021.1310 states "[t]he owner or operator of a storage tank and the landowner or occupier on whose land a storage tank is or was located shall not allow pollution resulting from, or a release to occur from, a storage tank" and that the party could become responsible for such pollution after the purchase.  See Section 1302 of the Tanks Act, 35 P.S. § 6021.1302.

Finally, certain paragraphs of the Trustee's draft order are in contravention of Pennsylvania environmental laws and regulations.  Specifically, draft order Paragraph No. 16 proposes that "[e]ach and every federal, state and local agency shall be, and hereby is, directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement."  The Department, when managing and accepting submissions for the Property, only has the authority to accept and approve documents and instruments which comply with the environmental requirements for the ASTs on the Property, including the Tanks Act, 35 P. S. §§ 6021.101 et seq. and regulations promulgated

5

thereunder as well as the Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §§ 691.1-691.1001 and regulations promulgated thereunder.  Consequently, this paragraph should not be included in this Court's final order.

Additionally, the Court's final order should also not include Trustee's proposed draft order Paragraph 18 which states that "*[t]o the extent provided by Section 525 of the Bankruptcy Code, no government unit may deny, revoke, suspend or refuse to renew any permit license or similar grant relating to the operation of the Property on account of the filing or pendency of this Chapter 7 case or the consummation of the Purchase Agreement.*"  Section 525 is a prohibition against discriminatory treatment of the Debtor and does not pertain to the prospective purchaser in this matter.  The Department's review and possible denial, revocation, suspension or refusal to renew any future permit applications, registration or other submissions to facilitate the lawful ownership and operation of the ASTs on the Property, shall be governed by applicable environmental laws and requirements, including those stated above in this response.  Moreover, pursuant to Section 107 of the Tanks Act, 35 P.S. § 6021.107, the Department has the duty and authority to enforce the provisions of the act and has the power to revoke any permit, certification or registration provided for in this act for any violation of the Tanks Act or the regulations promulgated thereunder.

The Department would have no objection to the sale if the following language were inserted into Paragraph 18 of the Sale Order:

*Notwithstanding the above, nothing in this Order discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the date of the sale: (iii) any police or regulatory liability to a Governmental Unit that any entity would be subject to as the owner or operator of the Property after the date of the sale; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtor . Nor shall anything in this Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability*

*described in the preceding sentence. Nothing in this Order shall affect any setoff or recoupment rights of any Governmental Unit. Nothing in the Order shall authorize the transfer or assignment of any governmental (i) license, (ii) permit, (iii) (iii) registration, (iv) authorization, or (v) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements under police or regulatory law.*

32.        The Department lacks knowledge of the contents of this paragraph.

33.        Legal conclusion or statement.  No response required.

34.        The Department lacks knowledge of the contents of this paragraph.

35.        Denied.  The sale of the property must be contingent upon the purchaser complying with all Pennsylvania environmental laws, regulations and requirements.

36.-42.        The Department lacks knowledge of the contents of these paragraphs.

43.-48.        Legal conclusions or statements.  No responses required.

49.         The Department lacks knowledge of the contents of this paragraph.  As explained in response to Paragraph 31 above, there are known and unknown environmental liabilities which run with the ASTs on the Property.  Therefore, the Department has no way to evaluate whether the price to be paid by the purchaser of the Property is fair and adequate.  Additionally, although the purchaser is entitled to purchase the site free and clear of financial liens, claims and encumbrances, the purchaser must still comply with environmental requirements regarding the ownership and operation of onsite ASTs as explained in response to Paragraph 31, above.  The remainder of Paragraph 31 states a legal conclusion to which no response is required.

WHEREFORE, the Department respectfully requests that this Honorable Court condition any sale of the Property subject to compliance with applicable environmental regulations including the requirements of the Tanks Act, 35 P.S. §§ 6021.101 *et seq.* and the regulations promulgated thereunder including 25 Pa. Code Chapter 245, Subchapter G, as proposed in the attached draft Order and delete draft Paragraphs 16 and 18 in this Court's final order.

FOR THE COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF ENVIRONMENTAL PROTECTION:

/s/ *Gina Thomas*

_____

Gina M. Thomas
Assistant Counsel
2 East Main Street
Norristown, PA 19401
Phone: 484-250-5101
Fax: 484-250-5931

Dated: May 11, 2026

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| In re: | Case No.: 25-12706 |
|---|---|
| Tioga Fuel Company, Inc., | Chapter 7 |
| Debtor | |

## ORDER

AND NOW, upon consideration of Trustee's Motion for an Order Approving the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances, it is hereby ORDERED that: the Motion is GRANTED with the following conditions.

1.  Any purchaser of the Property shall comply with all applicable environmental requirements for ownership of aboveground storage tanks, including but not limited to the Storage Tank and Spill Prevention Act, Act of July 6, 1989, P.L. 169, No. 32, as amended, 35 P.S. §§ 6021.101 et seq. ("Tank Act") and regulations in 25 Pa. Code Chapter 245, Subchapter G.

2.  Notwithstanding the above, nothing in this Order discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the date of the sale: (iii) any police or regulatory liability to a Governmental Unit that any entity would be subject to as the owner or operator of property after the date of the sale; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtor . Nor shall anything in this Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the

preceding sentence. Nothing in this Order shall affect any setoff or recoupment rights

of any Governmental Unit. Nothing in the Order shall authorize the transfer or

assignment of any governmental (i) license, (ii) permit, (iii) (iii) registration, (iv)

authorization, or (v) approval, or the discontinuation of any obligation thereunder,

without compliance with all applicable legal requirements under police or regulatory

law.

_____
J.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| In re: | Case No.: 25-12706 |
|---|---|
| Tioga Fuel Company, Inc., | Chapter 7 |
| Debtor | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 11, 2026, the foregoing Answer and Limited Objection was served by electronic mail to the below listed party:

William J. Burnett, Esq.
FLASTER/GREENBURG P.C.
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
Email:  william.burnett@flastergreenberg.com

FOR THE COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF ENVIRONMENTAL PROTECTION:

/s/ *Gina Thomas*

_____
Gina M. Thomas
Assistant Counsel
Attorney I.D. No. 60262
Office of Chief Counsel
2 East Main Street
Norristown, PA  19401